57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SPRINT COMMUNICATIONS COMPANY L.P., Plaintiff-Appellant,
v.
LOS ANGELES COUNTY TRANSPORTATION COMMISSION; Southern
California Regional Rail Authority, Defendants-Appellees.
 No. 93-56261.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1995.
Decided June 5, 1995.
 
 1
 Before: HALL and LEAVY, Circuit Judges, and HOGAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 In this diversity action, Sprint Communications Company, L.P. (Sprint), appeals the district court's summary judgment in favor of the Los Angeles County Transportation Commission (LACTC) in Sprint's inverse condemnation action seeking $367,500 in unreimbursed costs incurred by Sprint when it was forced to relocate its fiber optics cable to accommodate rail line improvements undertaken by LACTC as part of a public mass transit project. Sprint argues that, if unreimbursed, it would bear the cost of a public improvement that should be spread through the community.
 
 I. The Easement Agreement
 
 4
 In 1983, Southern Pacific Transportation Company (SP) granted Sprint an easement for the installation, construction, and maintenance of fiber optic lines in SP's right of way. The Easement Agreement provided for Sprint to protect and relocate its fiber optic lines at the request of SP. The Agreement also specifically provided for coverage of relocation costs:
 
 5.05: Relocation of Grantee's Facilities
 
 5
 In addition to the foregoing, Grantee acknowledges that a major consideration to Grantor in setting the level of charges to be paid by Grantee hereunder is Grantee's representation, acknowledgement and agreement that its facilities are to be installed, operated and maintained in a manner which will not interfere with Grantor's use of the Burdened Property and its rights-of-way for any other purpose. Accordingly, Grantee covenants and agrees that it will, with all due diligence, but in no event more than six (6) months following receipt of written notice from Grantor, protect or remove and relocate its facilities to such other location within Grantor's right-of-way as Grantor may designate. Grantee shall bear the entire expense of such protection, removal and relocation except as follows:
 
 
 6
 (a) If the required protection or relocation arises out of a requirement of Grantor's railroad operations or out of a proposed alternate use of that portion of the Burdened Property, whether under a proposed lease or sale then any expense of relocation in excess of $8.00 per linear foot or a total of $100,000 per project, whichever is lower ... shall be paid by Grantor.
 
 
 7
 Master Fiber Optic Cable Easement, Art. V, Sec. 5.05(a) (quoted in pertinent part).
 
 II. SP's to LACTC
 
 8
 In 1990, SP sold portions of its right of way to LACTC for its improvement for public mass transit. SP reserved a perpetual non-exclusive easement as to the fiber optic lines.
 
 
 9
 In 1991, Sprint was informed that it would have to relocate its fiber optic lines, which the appellant did at a cost of $2,900,000. Pursuant to the terms of the parties' Reimbursement Agreement, SP has paid Sprint approximately $2,600,000. SP claims that it has properly deducted $367,500 as a deductible amount, pursuant to the Easement Agreement at Section 5.05(a).
 
 III. LACTC's Motion for Summary Judgment
 
 10
 Sprint's inverse condemnation claims turns on its ability to demonstrate that there has been a taking or damage to its property right by the government. Hilltop Properties v. State of California, 233 Cal. App. 349 (1965). LACTC claims that because the Easement Agreement defines the scope of the easement, it is entitled to summary judgment on the terms of the Easement Agreement:
 
 
 11
 Sprint owns an easement. But easements differ in terms of what they allow and what conditions they contain. The easement in question in this case contains several limitations and conditions. The relevant condition and limitation in this case is that Sprint must move its cable upon request under certain conditions and must bear some or all of the cost of such relocation.
 
 
 12
 Appellee's Brief at 7. LACTC maintains that it acquired the property by "sale" and the improvements were for "railroad operations" as defined by Section 5.05(a) of the Easement Agreement.
 
 
 13
 The district court found that Sprint's claim of inverse condemnation was without merit:
 
 
 14
 Sprint still has exactly the property right for which it bargained with Southern Pacific -- an easement subject to an obligation to move. If Sprint retains all of the property rights it bargained for, there can be no inverse condemnation.
 
 
 15
 ER at 186 (Judge Gadbois' Order of July 30, 1993, at 6).
 
 
 16
 We find that the district court did not err in concluding that the costs for which Sprint seeks reimbursement fall within the scope of the restrictions of the Easement Agreement. Thus, Sprint has no claim of inverse condemnation which would warrant denying LACTC's motion for summary judgment. We AFFIRM.
 
 
 
 *
 The Honorable Michael R. Hogan, Chief United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3